2015 JUN -8 AM 9: 45



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, | ) ) ) | No. 72106-2-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Respondent. | ) | FILED: June 8, 2015 |

SCHINDLER, J. — This is the second appeal in this case. Trinity Universal Insurance Company of Kansas (Trinity) sued Ohio Casualty Insurance Company (Ohio) for subrogation, equitable contribution, and bad faith under the Washington Consumer Protection Act (CPA), chapter 19.86 RCW, and under the Insurance Fair Conduct Act (IFCA), chapter 48.30 RCW. The court entered an "Order of Default and Judgment" against Ohio in the amount of $761,298.07, fees and costs of $2,972.89, and "interest at the tort rate of 2.23% per annum until satisfied." The court denied the motion to vacate the default judgment.

In Trinity Universal Insurance Co. of Kansas v. Ohio Casualty Insurance Co., 176 Wn. App. 185, 200-03, 312 P.3d 976 (2013), we held that because the language of the insurance policy did not assign the CPA or IFCA claims of the insured to the insurer,

Trinity had no right to assert those claims. But we held Trinity was entitled to a judgment based on equitable subrogation and contribution for the amount paid to defend and settle the personal injury claim. Trinity, 176 Wn. App. at 205. We concluded "Trinity's claims against Ohio were not based on an assignment or contractual subrogation of rights" and held "Trinity's claim arose from its own equitable subrogation rights as the paying insurer, not from the rights of the insured." Trinity, 176 Wn. App. at 209. We reversed in part, affirmed in part, and remanded "to correct the judgment." Trinity, 176 Wn. App. at 209.

On remand, the court rejected Trinity's request to award an interest rate of 12 percent for a contract action and prejudgment interest. On appeal, Trinity argues the court erred in denying its motion to award an interest rate of 12 percent. We disagree, and affirm entry of the amended judgment.

The facts are set forth in our previous decision and will only be repeated as necessary. Ohio insured general contractor Millennium Building Company (Millennium). Trinity insured subcontractor Cascade Construction Company (Cascade). A Cascade employee was injured while working on the construction project. The injured worker sued Millennium.

Ohio tendered the defense to Trinity asserting Millennium was an "additional insured" under Trinity's insurance contract with Cascade. Trinity accepted tender but demanded that Ohio participate in the defense as a coprimary insurer. Ohio refused to participate. Trinity settled the injured worker's lawsuit for $225,000 in exchange for a full and complete release of all claims against Millennium and Cascade.

Trinity sued Ohio for subrogation, equitable contribution, and insurer bad faith under the CPA and IFCA. Trinity requested an award of damages for Ohio's breach of the duty to defend and indemnify Millennium, treble damages under the CPA and IFCA, and an award of attorney fees and costs. Ohio did not file a notice of appearance or answer. Trinity obtained an order of default and a judgment against Ohio in the amount of $764,270.96 and interest "at the tort rate of 2.23% per annum until satisfied." Approximately a year later, Trinity sought to execute on the judgment against Ohio. Ohio filed a motion to vacate the order of default and set aside the judgment. The court denied the motion to vacate the default judgment.

On appeal, we held Trinity had a right to equitable subrogation with respect to the defense and indemnification costs and a right of contribution against Ohio as a coprimary insurer. Trinity, 176 Wn. App. at 199-205. We reversed the award of treble damages under the CPA and IFCA. Trinity, 176 Wn. App. at 205. We held that based on the language of the insurance contract and in the absence of an express assignment, Trinity did not have standing to assert the statutory claims under the CPA and IFCA. Trinity, 176 Wn. App. at 202-03. We concluded that although equitable subrogation "entitles a paying primary insurer to seek reimbursement for losses paid," equitable subrogation "does not allow the insurer to assert an insured's statutory rights without express agreement." Trinity, 176 Wn. App. at 205. Accordingly, because "Trinity's claims against Ohio were not based on an assignment or contractual subrogation of rights" and "Trinity's claim arose from its own equitable subrogation rights as the paying insurer," we held Trinity was not entitled to attorney fees under Olympic Steamship Co. v. Centennial Insurance Co., 117 Wn.2d 37, 52, 811 P.2d 673

(1991). Trinity, 176 Wn. App. at 209. We affirmed in part, reversed in part, and remanded to "correct the judgment." Trinity, 176 Wn. App. at 209.

On remand, Trinity filed a motion to award prejudgment and postjudgment interest at the rate of 12 percent for a contract action rather than the 2.23 percent for a tort action. The court denied the motion. "The trial court's default interest order was not disturbed on appeal and no basis exists to modify that portion of the default judgment and order." The court entered an amended judgment and ordered the court clerk to enter satisfaction of judgment.[1]

On appeal, Trinity contends the court erred in denying its motion to award an interest rate of 12 percent for a contract action under RCW 4.56.110 rather than the 2.23 percent interest rate for a tort action.

RCW 4.56.110 sets forth the judgment interest rate for "(1) breach of contract where an interest rate is specified, (2) child support, (3) tort claims, and (4) all other claims." Woo v. Fireman's Fund Ins. Co., 150 Wn. App. 158, 165, 208 P.3d 557 (2009). Here, there is no dispute that under RCW 4.56.110, the interest rate for a tort action is 2.23 percent and the interest rate for a contract action would be 12 percent.

Trinity argues that because our decision in the previous appeal "stripped the judgment of all tortious elements," the 12 percent interest rate for contract claims applies. We disagree.

In Trinity, we held Trinity did not have a right under the insurance contract to assert the statutory bad faith claims of the insured but was entitled to entry of judgment against Ohio on the grounds of equitable subrogation and contribution. Trinity, 176 Wn.

---

[1] Before Trinity filed the motion to increase the judgment interest rate to 12 percent, Ohio paid Trinity the full amount of the principal judgment as amended plus interest calculated at the statutory rate of 2.23 percent as set forth in the default judgment.

App. at 203. "Trinity paid a personal injury claim under its liability coverage. Trinity recovered a judgment on those losses from Ohio based on subrogation of that claim and equitable apportionment, which we affirm in this opinion." Trinity, 176 Wn. App. at 203.[2]

Subrogation is an equitable doctrine that imposes "ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it." Mahler v. Szucs, 135 Wn.2d 398, 411, 957 P.2d 632 (1998). In the insurance context, "subrogation creates in the insurer, by contract or equity, a right to be reimbursed" for benefits paid pursuant to its policy with the insured. Mahler, 135 Wn.2d at 417, 428. Under the doctrine of equitable subrogation, the "right to reimbursement" arises by operation of law and not by contract. Mahler, 135 Wn.2d at 412.

The related doctrine of equitable contribution establishes a legal right to reimbursement that entitles "one party to recover from another party for a common liability." Mut. of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wn.2d 411, 419, 191 P.3d 866 (2008). In the insurance context, equitable contribution enables a paying insurer "to recover from another insurer where both are independently obligated to indemnify or defend the same loss." Mut. of Enumclaw, 164 Wn.2d at 419. Because the reciprocal rights and obligations of coprimary insurers " 'do not arise out of contract,' " the paying insurer's right to contribution "is a right of the insurer and is independent of the rights of the insured." Mut. of Enumclaw, 164 Wn.2d at 419-20 (quoting Signal Cos. v. Harbor Ins. Co., 27 Cal.3d 359, 369, 612 P.2d 889 (1980)).

In Trinity, we clearly held that "Trinity's claims against Ohio were not based on an assignment or contractual subrogation of rights by Millennium. . . . Rather, Trinity's

---

[2] Emphasis added.

claim arose from its own equitable subrogation rights as the paying insurer, not from the rights of the insured." Trinity, 176 Wn. App. at 209.

We affirm entry of the amended judgment in the amount of $245,432.69 and interest of $19,695.02 for a total judgment of $264,626.19.

WE CONCUR: